

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# Chi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chi v. Atty Gen USA" (2004). *2004 Decisions.* Paper 516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 03-2446

———————

HARYANTO RUSLI CHI,
Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

———————

On Petition for Review of an Order of the Board of Immigration Appeals
No. A78-687-300

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2004

BEFORE: AMBRO, ALDISERT and STAPLETON, Circuit Judges

(Opinion Filed July 8, 2004)

———————

STAPLETON, Circuit Judge:

Appellant-Petitioner sought asylum and relief from removal, claiming that he had suffered past persecution and had a well-founded fear of future persecution in Indonesia on account of his Chinese ethnicity. The immigration judge ("IJ") found that petitioner had suffered past persecution as a result of his property loss during riots in Indonesia in May 1998 and that he had thus established a rebuttable presumption of future persecution. The IJ further found that changes in conditions in Indonesia did not overcome the presumption of future persecution and granted petitioner's application for asylum.

The Service then appealed to the Board of Immigration Appeals ("BIA"), arguing, *inter alia*, that the property loss suffered by petitioner did not amount to past persecution and that he did not possess a well-founded fear of future persecution in light of the record evidence that he had safely relocated to Bali during the riots, that he had returned to live without incident in Jakarta after the rioting, and that his ex-wife and children, who are also ethnically Chinese, continued to reside unmolested in Jakarta.

The BIA held that petitioner's loss of property during the 1998 riots did not constitute past persecution and that he had no well-founded fear of future persecution in

2

light of his safe internal relocation during the riots and his family's continued safety in Indonesia.

Petitioner now seeks review of the BIA's order denying asylum and withholding of removal.

Petitioner lost cash and property worth approximately $13,000 when rioters looted and burned the building in Jakarta where he worked. The building was owned by a Chinese bank and rented by petitioner's employer, an Indonesian stock brokerage firm. This incident is the sole basis for petitioner's claim that he has shown past persecution. After this incident, petitioner relocated to Bali and was not harmed there.

The BIA held that the destruction of the office building in which petitioner had his office did not constitute persecution of him. While there was evidence that the building may have been destroyed because it was owned by a Chinese bank, the BIA was unwilling to conclude that it was destroyed because petitioner had his office in the building. There is substantial evidence to support this position of the BIA. Since "all persons who rented office space in that building were affected, whether or not they were Chinese," petitioner, in the BIA's view, had not been persecuted within the meaning of the INA. We are unwilling to say that this was an unreasonable interpretation of the concept of persecution under that Act and, accordingly, defer to that interpretation. *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir. 2003).

There was also substantial evidence to support the conclusion that petitioner could

avoid future persecution by relocating in Indonesia.

The petition for review will be denied.

4